

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2668
Re: Authority under Texas Liquor
Control Act to issue medicinal
pharmacy permit to a pharmacy
which failed to secure renewal
of its pharmacy permit until
approximately two months after
expiration of original permit.

This will acknowledge receipt of your letter
of August 20, 1940, requesting an opinion from this depart-
ment. It appears from the facts stated in your letter that
the State Board of Pharmacy issued a pharmacy permit to the
Gentry Drug Company, which permit expired of its own terms
on May 31, 1940. For some reason the Gentry Drug Company
did not seek the renewal of this permit until July 25,
1940, approximately two months after the date of the ex-
piration of the original permit. At this time the full
year's permit fee of $2.00 was paid, and the State Board
of Pharmacy issued a new permit purporting to be for the
year beginning June 1 and ending May 31, 1941.

Upon this statement of facts, you ask whether
the drug store in question is entitled to receive a medicinal
pharmacy permit under the provisions of the Texas Liquor Con-
trol Act.

Article 666, Section 15, Subsection 18, Vernon's
Penal Code, reads as follows:

"Medical Permits. Retail Pharmacists
shall be entitled to receive medical permits
and sell or dispense liquor for medical pur-
poses only. The holders of such permits are
authorized to purchase liquor from holders of
wholesaler's permits in this state. Any
pharmacy for which a permit is sought must be

a bona fide pharmacy registered with the
State Board of Pharmacy; must employ and
have on duty at all times a registered
pharmacist and must have been in operation
as a pharmacy for at least two years in the
particular political subdivision in which
a permit is sought."

When the statute speaks of an operation as a pharmacy for at least two years, it is clear that in legislative contemplation a legal rather than an unlawful operation for that period of time is contemplated. And, as held in our Opinion No. O-2244, the statute contemplates that the operation as a pharmacy shall be for at least two years next preceding the date on which the permit is sought.

Section 17 of Article 4542a, Revised Civil Statutes of Texas, requires that every person, firm or corporation desiring to operate a retail pharmacy or drug store in this state, and every manufacturer of drugs and medicine, shall procure from the State Board of Pharmacy a permit for each store to be operated, such permit to be issued annually by the Board upon a receipt of proper application accompanied by a fee of $2.00.

Under the facts stated, the drug store in question was operating for almost two months in violation of the provisions of Section 17 of Article 4542a, Revised Civil Statutes of Texas, in that the original permit had expired and no renewal permit was issued until almost two months after the expiration of the original permit. During this period of time, the operation of the Gentry Drug Store was not a lawful one. While it is true that the State Board of Pharmacy, in issuing the renewal permit on July 25, sought to make it effective as of June 1, preceding, in so doing the State Board of Pharmacy exceeded its authority under the law. The authority to operate a business afforded by a license dates from the issuance or delivery of the license or permit. In the absence of statutory authority therefor, authorities charged with the duty of issuing licenses for the operation of certain businesses or professions have no authority to make them retroactive in effect. 37 Corpus Juris p.244. We find no such statutory authority conferred upon the Texas Board of Pharmacy by the provisions of the Act in question.

For the reasons above stated, you are advised that the Gentry Drug Store is not eligible under the provisions of

Honorable Bert Ford, page 3


Article 666, Section 15, Subsection 18, to receive a medicinal pharmacy permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/ R. W. Fairchild
Richard W. Fairchild
Assistant

APPROVED Aug. 31, 1940

Grover Sellers
First Assistant
Attorney General
RWF:jm:bt